# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

Lyle W. Cayce
Clerk

No. 10-30585

HORNBECK OFFSHORE SERVICES, L.L.C.; BEE MAR - WORKER BEE, L.L.C.; NORTH AMERICAN FABRICATORS, L.L.C.; BEE MAR, L.L.C.; OFFSHORE SUPPORT SERVICES, L.L.C.; ET AL,

                                        Plaintiffs - Appellees

v.

KENNETH LEE SALAZAR, also known as Ken Salazar, In His Official Capacity as Secretary, United States Department of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; MICHAEL R. BROMWICH, In His Official Capacity as Director, Bureau of Ocean Energy Management, Regulation and Enforcement; BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION AND ENFORCEMENT, formerly known as Minerals Management Service,

                                        Defendants - Appellants

# FLORIDA WILDLIFE FEDERATION; CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL; SIERRA CLUB; DEFENDERS OF WILDLIFE,

                                        Intervenor Defendants - Appellants

_____

Appeal from the United States District Court for the
Eastern District of Louisiana

_____

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM ORDER:

Before the panel is the July 30, 2010 motion, filed by the Secretary, seeking to vacate the preliminary injunction of the May 28, 2010 drilling moratorium (the May 28 Moratorium), on grounds of mootness. While the Secretary has asserted substantial reasons suggesting mootness, this panel has an insufficient record on which to address or decide at this time the mootness issue for the following reasons:

1. The Motion was filed with this panel after:

a. the Secretary filed a notice of appeal of the district court's order for a preliminary injunction on the May 28 Moratorium on June 24, 2010, pursuant to 28 U.S.C. § 1292(a)(1);[**]

b. the Secretary filed a motion to stay enforcement of the preliminary injunction on June 25, 2010;

c. the motion to stay was denied on July 8, 2010;

d. the Secretary "rescinded and superseded" the May 28 Moratorium and issued the July 12, 2010 drilling moratorium (the July 12 Moratorium); and

e. the only record before this court is the appellate record supporting the initial notice of appeal of the preliminary injunction on the May 28 moratorium.

2. Due to the timing and circumstances described in the preceding paragraph, the insufficiency of the appellate record does not permit us to determine the facts, evidence, or expert testimony on which the Secretary relied in issuing the July 12 Moratorium, and customarily this panel does not

---

[**] Appellees also filed a declaratory judgment action on the merits of the May 28 Moratorium before the district court. Because the district court has not yet ruled on the merits of the May 28 Moratorium, it is not part of the appeal to this court and is not before this panel.

engage in the task of making such factual determinations in the first instance.

Because the mootness issue, if meritorious, should be decided at the earliest time possible to avoiding wasting the time and resources of the parties and the courts, we enter the following ORDER:

The case is hereby REMANDED to the district court with instructions that it consider the controversies raised by the Motion to Vacate the Preliminary Injunction as Moot. The district court is instructed to conduct an appropriate hearing, calling witnesses if necessary, which will permit the district court to issue findings of fact and conclusions of law responsive to the following questions:

a. Whether the Secretary has the authority under the provisions of the Outer Continental Shelf Lands Act and the Administrative Procedures Act to declare the provisions of the May 28 Moratorium to be withdrawn, cancelled, and no longer in force and effect, especially given that the May 28 Moratorium is the subject of a preliminary injunction issued by the district court and an appeal filed by the Secretary under the provisions of 28 U.S.C. § 1292(a)(1).

b. Whether the evidence upon which the Secretary relied in issuing the July 12 Moratorium and not asserted in the May 28 Moratorium was available or unavailable to the Secretary when the May 28 Moratorium was issued, and the nature of such additional evidence.

c. With respect to the scope and substance of the May 28 Moratorium and the July 12 Moratorium, what are the differences, if any, and, considering such differences and any other circumstances—including changed conditions, changed facts, and changed positions or subsequent conduct of the parties—whether the preliminary injunction of the May 28 Moratorium was mooted by the issuance of the July 12 Moratorium.

This is a LIMITED REMAND.  This panel therefore retains jurisdiction over the original interlocutory appeal of the preliminary injunction of the May 28 Moratorium, and jurisdiction over the determination of the Secretary's mootness contention.

We instruct the district court and the parties to expedite the requests of this limited remand.  At the conclusion of the hearing and upon the district court's ruling, we instruct the district court to promptly file with the Clerk of this Court the supplemented record and its findings and conclusions.  The parties shall have ten (10) days after such filing by the district court to file simultaneous briefs with the Clerk of this Court.

All briefing and arguments are hereby held in abeyance until further orders of this panel.  Accordingly, the setting of the interlocutory appeal for oral argument on Wednesday, September 1, 2010 is withdrawn.

DENNIS, Circuit Judge, dissenting:

I disagree with the order canceling oral argument and remanding this case to the district court to decide (1) whether the Secretary is empowered by the Outer Continental Shelf Lands Act to supersede his May 28 moratorium order with his July 12 moratorium order, given that the first moratorium order is subject to the preliminary injunction which has been appealed to us; (2) whether evidence upon which the Secretary relied in his July 12 moratorium order was available when he issued his May 28 moratorium order; and (3) whether the Secretary's second moratorium order mooted his first moratorium order and what are the differences between them.

The interpretation of the powers of the Secretary under the Outer Continental Shelf Lands Act is a legal question which this court is competent to determine without necessitating a remand of this case to the district court. Whether the district court's preliminary injunction was properly issued is the subject of the appeal now before us and must be decided by us before its effect upon the Secretary's powers can be determined. Assuming my colleagues are correct that a comparison between the Secretary's two moratorium orders and two administrative records supporting them is necessary to our deciding the Secretary's motion to dismiss the preliminary injunction as moot, it is not necessary or prudent to remand this case to the district court to obtain those orders or records because we already have them.[1] Finally, by all indications,

---

[1] "[T]he record in an informal adjudication is the information the agency considered at the time it reached the decision and its contemporaneous findings. A court is left with the responsibility for assuring that the information submitted to it has not been compiled for the litigation but was in fact the information and findings the agency actually relied upon. . . . The concept of the 'record' in administrative adjudications must be flexible. . . . [M]any administrative adjudications need not replicate trial procedure and hence the record in these proceedings must be allowed to differ from the records compiled in formal proceedings." 32 Charles Alan Wright et al., Federal Practice and Procedure § 3244, at 404-05 (1st ed. 2006).

the present case and the preliminary injunction is not moot because the case falls within at least three exceptions to the mootness doctrine.

1.

We have appellate jurisdiction to review the district court's order granting a preliminary injunction based on its determination under the Administrative Procedures Act that the Secretary acted arbitrarily, based on the administrative agency's record, in issuing his May 28 moratorium of deepwater drilling in the Gulf of Mexico. Our decision of whether the district court justifiably enjoined the Secretary's May 28 moratorium order will also depend ultimately on whether, based on the administrative agency record, it appears that the Secretary's actions, in issuing his May 28 moratorium order, were arbitrary, capricious or unlawful. This is not an ordinary civil suit upon which the district court conducted a bench trial in which the parties introduced the evidence directly into the court record; it is instead a judicial review of an administrative agency's order based on the agency's administrative record supporting that order.

On July 12, the Secretary issued his second moratorium order superseding his first May 28 moratorium order. Subsequently, the Secretary moved this court to dismiss the district court's injunction on the grounds it had been mooted by his second and superseding moratorium order. In support of his motion, the Secretary filed in this court his administrative agency record supporting his July 12 second moratorium order.

Consequently, because we already have both of the Secretary's moratorium orders and both of the administrative agency records supporting those orders on file in this court, it is not necessary or prudent for us to remand the case to the district court to take additional evidence for that purpose. Neither this court nor the district court has jurisdiction to reconstruct the administrative agency's records upon which the Secretary

6

based his actions in issuing his May 28 and July 12 moratorium orders. Therefore, remanding the case to the district court to further develop the record with respect to the Secretary's moratorium orders is unnecessary, futile and legally erroneous.

2.

This court's motion panel was impressed by the plaintiffs' showing of severe economic distress and accordingly granted an expedited appeal which has been set down before us for oral argument on September 1, 2010. Remanding this case to the district court will require us to upset that oral argument and thereby unduly delay our decision and defeat our previous order of expedition. In my opinion we can decide whether this case is moot from the record before us without referring to the Secretary's second moratorium order and supporting administrative record, and in any event, if we need that order and record, we have them because the Secretary filed them here with his mootness motion. Therefore, it would be more just and expeditious for us not to waste time in remanding this case, but to defer the Secretary's motion to dismiss for mootness until we can discuss the motion with counsel for the parties at oral argument, or else order the parties to file memoranda immediately on whether we currently have all of the orders and administrative records necessary to decide whether the injunction and the case is moot. Further, it might be simpler and in the best interests of all of the parties—to which they might stipulate—for us to simply proceed to decide this matter promptly after the scheduled oral argument based on the two moratorium orders and the two administrative records we now have.

3.

From every indication, neither the district court's preliminary injunction judgment nor the proceedings upon which it was based is moot, because this

case falls within at least three of the exceptions to the mootness doctrine, viz., the voluntary cessation exception, the wrong capable of repetition yet evading review exception, and the collateral consequences exception.

"A case is not to be dismissed as moot if the defendant voluntarily ceases the allegedly improper behavior but is free to return to it at any time." Erwin Chemerinsky, Federal Jurisdiction 139 (5th ed. 2007). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. [However,] [t]he heavy burden of persua{ding} the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." Id. at 141 (braces in original; brackets added) (quotation marks omitted) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)). Thus, "the Court . . . has held that a repeal of a challenged law does not render a case moot if there is a reasonable possibility that the government would reenact the law if the proceedings were dismissed." Id. at 142 (citing City of Mesquite v. Aladdin's Castle, Inc, 455 U.S. 283 (1982)). For instance, "[i]n Northeastern Florida Contractors v. Jacksonville, [508 U.S. 656 (1993),] the Court refused to dismiss as moot a challenge to a city ordinance that provided preference in contracting for minority-owned businesses." Id. at 142. "The Court explained that . . . 'it [did not] matter that the new ordinance differs in certain respects from the old one.'" Id. (quoting Northeastern Fla. Contractors, 508 U.S. at 622). "The Court said that the new statute posed the same basic constitutional question and thus repeal of the earlier law did not moot the case." Id. Similarly, the issuance of a second moratorium, bearing many if not all of the attributes of the first moratorium, should not moot the case. The arbitrary and capricious analysis posed by one is similar to that passed by the other. Moreover, the Department of Interior ("DOI") has not carried its burden to show that the alleged wrongful behavior

8

will not reoccur. If anything, the DOI's decision to issue a second moratorium with a similar scope to the first, based on similar evidence, counsels towards assuming that if the first moratorium was arbitrary and capricious, then that wrongful conduct has recurred with the second and could again recur through later moratoriums.

The exception for wrongs capable of repetition yet evading review is "[p]erhaps the most important exception to the mootness doctrine.'" Chemerinsky, supra, at 135. "[S]ome injuries occur and are over so quickly that they always will be moot before the federal court litigation process is completed." Id. "When such injuries are likely to recur, the federal court may continue to exercise jurisdiction over the plaintiff's claim notwithstanding the fact that it has become moot." Id. (citing as "[a] seminal case" Southern Pac. Terminal Co. v. ICC, 219 U.S. 498, 514-15 (1911), and stating that the case allowed "a challenge to an Interstate Commerce Commission order that had expired because the Court concluded that consideration of such orders should not be defeated 'as they might be, . . . by short term orders, capable of repetition, yet evading review'" (alteration in Chemerinsky)). In Spencer v. Kemna, 523 U.S. 1 (1998), the Court laid out a two-part test for the capable of repetition yet evading review doctrine. It stated the doctrine should apply "where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Id. at 17 (alterations in original) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 481 (1990) (quotation marks omitted) .

This exception clearly applies to the present case, granting us authority to continue to exercise jurisdiction over the plaintiffs' claims that the DOI's original drilling moratorium was arbitrary and must be set aside under the

9

APA. First, as shown by the facts of the present case, the duration of the moratorium is too short for it to be fully litigated prior to the cessation or expiration of the moratorium. The DOI's initial 6-month moratorium on deepwater drilling would have expired on November 30, 2010. Regardless of the second moratorium, it is unlikely, if not impossible, that, even under our expedited schedule, all litigation and appeals regarding the first moratorium would have been completed by November 30. Second, as the second moratorium amply demonstrates, it is reasonable that the same complaining party can be subject to the same injury. The DOI openly acknowledges that the second moratorium reaches the same rigs as the prior moratorium and has similar effects. Thus, to the extent that the plaintiffs were harmed by the prior moratorium, they are similarly harmed by the new one.

Moreover, I believe that the instant case is likely not to be moot because there are "collateral consequences" stemming from the instant litigation. "[G]enerally, [under the collateral consequences doctrine] so long as the federal court's decision is likely to have some effect in the future, the case should not be dismissed even though the plaintiff's primary injury has passed." Chemerinsky, supra, at 134. "The Supreme Court decision in Super Tire Engineering Co. v. McCorkle [416 U.S. 115 (1974)] is particularly instructive." Id. "During a labor strike, the employers whose plants were struck filed a lawsuit challenging a state law that permitted strikers to receive public assistance through state welfare programs." Id. at 134-35. "Although the strike ended before the completion of the federal court litigation, the Court held that the case was not moot because a federal court decision could substantially affect future labor-management negotiations." Id. at 135. Like in Super Tire, a decision on whether the first moratorium was arbitrary and capricious could inform and affect the parties' future actions. It would allow the DOI to know what kind of evidentiary record would be sufficient to sustain

similar agency action in the future. Moreover, it would inform the plaintiffs about the risk of future moratoriums and thus allow them to alter their business models to take account of such risk. In this manner, the resolution of the instant appeal has collateral consequences and thus it should not be considered moot.

In sum, neither this case nor the district court's preliminary injunction appears to be moot. We have every record and document necessary to decide the Secretary's mootness motion and this case on the merits. Therefore, a futile remand of this case to the district court and cancellation of the oral argument will do injustice to all of the parties by delaying rather than expediting our decision of the mootness motion and this appeal on the merits.